## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NICCOLE FIELDS,

        *Plaintiff,*

  vs.

ANDREW M. SAUL,
Commissioner of Social Security,

        *Defendant.*

Case No. 19-1319-EFM

## MEMORANDUM AND ORDER

Plaintiff Niccole Fields seeks review of a final decision by Defendant, the Commissioner of Social Security, denying Fields' application for disability insurance benefits under the Social Security Act. Because the administrative decision was supported by substantial evidence in the record, the Court affirms the Commissioner's denial of benefits.

### I.      Factual and Procedural Background

Fields was born with bladder and pelvis conditions that required extensive surgery. Since childhood, she has experienced pain, swelling, and other symptoms resulting from her conditions and surgeries. Over the past eight years, Fields sought treatment from many doctors. In 2012, she underwent surgery to resolve a recurrent ventral hernia and received a hysterectomy. Following this surgery, a psychiatrist diagnosed Fields with major depressive disorder and anxiety disorder.

In 2015, Fields sought treatment for a bladder extropy.  After receiving CT scans, she was diagnosed as having multiple kidney stones and a pelvic cyst.  In 2016, she sought treatment for hip pain and was diagnosed with urinary tract changes consistent with an ileal conduit, chronic pain due to left hydronephrosis and reflux, nephrolithiasis, chronic kidney disease, and hypertension due to renal disorders.  In 2017, Fields received further mental health treatment and reported persistent anxiety and depression.  She also received pelvic ultrasounds that once again showed a stable pelvic cyst, kidney stones, and hydronephrosis.  In 2018, she sought treatment for chest and knee pain, but subsequent x-rays and examinations reported normal and unremarkable results.  Later that year, an MRI of her knee revealed generally normal conditions with some mild chondromalacia.

Beginning in 2003, Fields received Social Security disability benefits.  Because of her hernia surgery in 2012, the Social Security Administration ("SSA") determined in 2015 that Fields was no longer disabled.  She submitted a new application for Social Security benefits on August 31, 2016.  Fields alleged that she became disabled in May 2015 due to a congenital pelvic deformity, depression, irritable bowel syndrome, sleep apnea, kidney disease, degenerative disc disease, methicillin-resistant staphylococcus aureus, diabetes, headaches, and a pelvic cyst.  After reviewing Fields' application, the SSA determined that she did not qualify for benefits because her condition was not severe enough to prevent her from working.

After receiving the initial denial, Fields requested a hearing, which was held on July 26, 2018.  The Administrative Law Judge David Page (the "ALJ") received Fields' testimony, reviewed her medical records, and considered medical opinions from both Fields' physicians and the SSA's experts.  He concluded that Fields had chronic kidney disease, chronic left hydronephrosis, a history of congenital pelvic deformity, ovarian cyst, lumbar spine disc

narrowing, obesity, depression, and anxiety.  The ALJ found that the severity of these impairments

did not meet or equal the SSA's designated list of impairments.  As such, he proceeded to assess

Fields' residual functional capacity ("RFC").

The ALJ determined that Fields' RFC was:

> [S]edentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the
> following limitations: the claimant is able to lift and/or carry ten pounds
> occasionally and less than ten pounds frequently.  She is able to stand and/or walk
> up to twenty minutes at a time and up to two hours total in a day.  She is able to sit
> six hours total in a day.  She is able to push and/or pull the same amount she can
> lift and carry.  She is able to occasionally climb ramps and stairs, balance, stoop,
> kneel, and crouch.  She should never climb ladders, ropes, or scaffolds.  She can
> frequently be exposed to extreme cold and vibration.  She is able to
> understand, remember, and perform intermediate, semi-skilled level tasks.[1]

In so concluding, the ALJ found that Fields' reported symptoms were inconsistent with other

evidence in the record.  He then found that Fields' RFC permitted her to perform other work

existing in significant numbers in the national economy.  He listed the following jobs as examples:

hand polisher, hand mounter, and stuffer.  The ALJ concluded that Fields was not disabled.

Fields filed a request for review of the ALJ's decision with the Social Security Appeals

Council.  The Appeals Council denied review on September 24, 2019.  Having exhausted all

administrative remedies, Fields filed this action seeking review and reversal of the Commissioner's

final decision.

## II.     Legal Standard

Judicial review of the Commissioner's decision is guided by the Social Security Act, which

provides that the Commissioner's findings as to any fact, if supported by substantial evidence,

---

[1] Doc. 10, at 40.

shall be conclusive.[2]  The Court must therefore determine whether the Commissioner's factual findings are supported by substantial evidence and whether the ALJ applied the correct legal standard.[3]  "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion."[4]  The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[5]

An individual is disabled under the Act only if she can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."[6]  This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience."[7]  The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[8]  If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[9]

---

[2] 42 U.S.C. § 405(g).

[3] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).

[4] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[5] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

[6] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306–07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

[7] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217–22 (2002); 20 C.F.R. § 416.920 (2005)).

[8] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 404.1520(a).

[9] *Barkley*, 2010 WL 3001753, at *2.

The first three steps of the sequential evaluation require the ALJ to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those impairments meets or equals a designated list of impairments.[10] If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from her impairments."[11]

After assessing the claimant's RFC, the ALJ continues to steps four and five, which require the ALJ to determine whether the claimant can perform her past relevant work, and if not, then whether she can generally perform other work that exists in the national economy.[12] The claimant bears the burden in steps one through four to prove a disability that prevents the performance of her past relevant work.[13] The burden then shifts to the Commissioner at step five to show that, despite her alleged impairments, the claimant can perform other work in the national economy.[14]

### III.      Analysis

Fields argues that the ALJ incorrectly assessed her RFC by failing to properly consider her subjective testimony.  She testified that the pain resulting from her ailments is so severe that she cannot regularly attend to any work in the national economy.  The ALJ proceeded through the first three steps of the sequential evaluation and determined that Fields' impairments did not meet or

---

[10] *Lax*, 489 F.3d at 1084 (citations omitted); *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[11] *Barkley*, 2010 WL 3001753, at *2 (citation omitted); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[12] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[13] *Lax*, 489 F.3d at 1084 (citation omitted).

[14] *Id.* (citations omitted).

equal one of the designated impairments.  After reviewing the record, the ALJ then assessed Fields' RFC.  Fields argues that the ALJ unreasonably gave less weight to her testimony than other conflicting evidence, resulting in an RFC with fewer limitations on her ability to work.  As such, she argues that the ALJ's RFC assessment is not supported by substantial evidence in the record.

A claimant bears the burden of showing that more restrictive limitations should be included in her RFC assessment.[15]  The ALJ must address the claimant's reported symptoms when assessing her RFC.[16]  "There must be objective medical evidence from an acceptable medical source that shows [the claimant has] a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other evidence . . . , would lead to a conclusion that [the claimant is] disabled."[17]  Courts give significant deference to an ALJ's evaluation of a claimant's symptom testimony.[18]

Fields testified that she experienced severe, persistent pain that limited her ability to focus or concentrate for longer than 15 to 30 minutes at a time, that she had difficulty lifting ten pounds, that she needed frequent rest, and that she was regularly unable to complete household chores and routine tasks.  She stated that her anxiety and depression made it difficult for her to interact with others.  She testified that her prescribed treatment required her to have a urine bag that needed frequent emptying with her throughout the day.  Fields alleged that taken together, these symptoms prevented her from regularly attending work.

---

[15] *Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004) (citing Clarification of Rules Involving Residual Functional Capacity Assessments, 68 Fed. Reg. 51,153-01, 51,155 (Aug. 26, 2003)).

[16] *See* 20 C.F.R. § 404.1529.

[17] *Id*.

[18] *See Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988).

The ALJ found that Fields' reported symptoms were inconsistent with the evidence in the record. He listed four reasons to support his conclusion. First, the objective medical evidence did not fully support Fields' reported symptoms. Second, many of Fields' reported mental health symptoms did not stem from her underlying mental impairment, but rather situation-specific stressors. Third, Fields' daily activities belied her reports of disabling pain. Fourth and finally, Fields' restrained course of treatment did not correspond with her more severe reported symptoms.

In support of his reasoning, the ALJ devoted over six pages of his decision to the conflicting evidence in the record. He discussed the medical evidence that both supported and undermined his conclusion. He surveyed all of Fields' past medical conditions and her persisting ailments, weighing her physicians' reports and testimony. He noted that much of this evidence varied depending on the date of the examination. At times, Fields' physicians reported severe symptoms while at other times reporting mild ones. He discussed each exam, CT scan, and laboratory results in detail. He considered Fields' mental impairments, noting that more often than not her symptoms stemmed from situational stressors rather than the underlying impairment. For instance, she reported greater levels of depression and stress when anticipating upcoming SSA proceedings. Regarding Fields' ability to complete daily activities, the ALJ noted that the record established that she could care for her son, prepare meals, perform light housework, drive, shop, dine out, and engage in hobbies such as walking, traveling, and going to the movies. Ultimately, the ALJ concluded that "[t]he evidence shows that while [Fields] does have physical and mental impairments that result in functional limitations, and which warrant some work restrictions, the evidence does not indicate that her conditions result in debilitating limitations."[19]

---

[19] Doc. 10, at 44.

After reviewing the administrative record and underlying decision, the Court concludes that the ALJ's factual findings are supported by substantial evidence.  This standard of review is very deferential and Fields failed to carry her burden to prove that her limitations were more severe than assessed in the RFC.  The ALJ supported his decision with more than a scintilla of evidence and a reasonable mind would accept his conclusion.  As such, the Court denies Fields' appeal and affirms the Commissioner's decision.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is hereby **AFFIRMED.**

**IT IS SO ORDERED**.

Dated this 26th day of October, 2020.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE